## M'Kelry *against* Gilleland.

Where there has been a return of survey, a second survey, made under the same warrant, without an order of resurvey, is without authority and void.

ERROR to the common pleas of *Alleghany* county.

This was an amicable action of ejectment, in which David Gilleland was plaintiff, and James M'Kelry was defendant in the court below, and was brought to recover a tract of land containing twenty-eight acres. The plaintiff claimed under a warrant in the name of Adam Gilleland, dated the 2d of May 1785, for one hundred and fifty acres of land in Pitt township, on the waters of Turtle creek, and survey by Benjamin Lodge, the deputy surveyor, dated the 18th of September 1786, and calling for one hundred and thirty-three acres and one hundred and forty-nine perches. The plaintiff further relied on a petition, dated the 29th of March 1822, from Adam Gilleland and J. C. Gilleland, to the board of property, for an order of resurvey, which was granted, and a resurvey made by the deputy surveyor of twenty-eight acres, on the 12th of April 1822. The defendant, amongst other things, gave in evidence a survey made by Lodge, the deputy surveyor, on the same warrant to Adam Gilleland sometime in the month of May 1785, calling for one hundred and sixty acres. The survey of the 18th of September 1785, under which the plaintiff claimed, was therefore a second survey, and was made without an order of resurvey from the board of property. And previous to the resurvey, made in pursuance of the order from said board, in April 1822, the title of those under whom the defendant claimed intervened.

The following point, amongst others, was submitted to the court below by the defendant's counsel.

Where an official survey has been made and returned by the proper authority, for the warrantee, he has fully exercised his right, as for the land to be appropriated. And a new or second survey upon other land cannot be made without new authority, or an order from the board of property. And in this case, if a survey was made upon the warrant in the name of Adam Gilleland in the month of May 1785, by Lodge the deputy surveyor, the second survey on the 18th of September 1786, for a different quantity, and upon other land, made by Lodge also, and upon the same warrant, without any order from the board of property, was illegal and void.

Then, if Adam Gilleland's warrant had been previously, in 1785, applied to other land, it cannot, accompanied by the second survey, in 1786, give any right to the land now in dispute.

[M'Kelry v. Gilleland.]

Error was assigned to the charge of the court below on these points, and the question presented to this court was, whether the second survey was valid.

*Fetterman,* for plaintiff in error.

The survey is to be taken as the act of the party, whose duty it is to have the survey returned. The return perfects the title. The second survey of this case was made without an order of resurvey from the board of property; without proper authority; and is therefore illegal and void. Addleman v. Masterman, 1 *Penns. Rep.* 458; Acre and Weiss v. Lanby et al., 3 *Ibid.* 312; Burton et al. v. Smith, 1 *Rawle* 405; Ruggles et al. v. Gaily, 2 *Ibid.* 238; Star v. Bradford, 2 *Penns. Rep.* 384; Leach v. Armitage, 1 *Yeates* 107; Smith v. Fultz, 4 *Serg. & Rawle* 473; Lessee of Harris v. Buchan et al., 1 *Wash. C. C. Rep.* 191; Hubley v. Vanhorne et al., 7 *Serg. & Rawle* 185; Morris v. Travis, 7 *Ibid.* 220; Lessee of Meade v. Haymaker et al., 3 *Yeates* 71.

*Burke,* for defendant in error.

The second survey was accepted at the land office. They gave in evidence the first survey. We then went on to show that no such survey was ever actually made. The non performance of duty by a deputy surveyor, who made the draft without running the lines, cannot deprive the plaintiff of his right. Faulkner v. Eddy's Lessee, 1 *Binn.* 188.

PER CURIAM.—The single point in the cause was recently decided at Sunbury in Oyster v. Bellas; where it was determined that a return of survey, though none were made, is not to be treated as a nullity in order to authorize a survey to be made subsequently without an order of resurvey. That cause was twice argued and deliberately considered; and its authority is not to be questioned. We are bound to say, therefore, that the second survey in this case was made without authority. The other points are not pressed; but upon this it is impossible to sustain the judgment.

Judgment reversed, and a *venire de novo* awarded.